**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

JUDICIAL WATCH, INC.,                     )
425 Third Street SW, Suite 800            )
Washington, DC 20024,                     )
                                          )
                    Plaintiff,            )          Civil Action No.:
                                          )
v.                                        )
                                          )
U.S. DEPARTMENT OF JUSTICE,               )
950 Pennsylvania Avenue, NW               )
Washington, DC 20530,                     )
                                          )
                    Defendant.            )
_____       )

**COMPLAINT**

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of

Transportation to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552

("FOIA").  As grounds therefor, Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1.      The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B)

and 28 U.S.C. § 1331.

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

**PARTIES**

3.      Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization

incorporated under the laws of the District of Columbia and headquartered at 425 Third Street

SW, Suite 800, Washington, DC 20024.  Plaintiff seeks to promote transparency, accountability,

and integrity in government and fidelity to the rule of law.  As part of its mission, Plaintiff

regularly serves FOIA requests on federal agencies, analyzes the responses it receives, and

disseminates its findings and any records to the American public to inform them about "what their government is up to."

4.    Defendant U.S. Department of Justice ("Defendant") is an agency of the U.S. Government and is headquartered at 950 Pennsylvania Avenue N.W., Washington, DC 20530. Defendant has possession, custody, and control of public records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.    On February 9, 2026, Plaintiff submitted a FOIA request to the Federal Bureau of Investigation (FBI), a component of Defendant.  The request included a DOJ-361 certification of identity form signed by Mr. John D. Guandolo and sought access to the following:

> All records, including but not limited to emails, electronic communications, memoranda, ECs, FD-302s, case opening documents, tasking orders, investigative notes, watchlist records, internal messages, or other correspondence referring or relating to John Guandolo, including records reflecting the initiation, authorization, discussion, continuation, or closure of any investigation, assessment, inquiry, or watchlisting activity concerning him.
>
> This request specifically includes, but is not limited to, records:
>
> 1.    Authored by, sent to, received by, former FBI Assistant Director Timothy R. Thibault, including any communications in which Mr. Thibault discussed, directed, initiated, approved, or commented upon investigative or intelligence activity concerning John Guandolo.
>
> 2.    Reflecting the basis, predicate, or justification for opening any assessment, preliminary investigation, full investigation, or watch listing action involving Mr. Guandolo.
>
> 3.    Reflecting any watchlist placement, screening designation, or travel-related flagging of Mr. Guandolo, including coordination with TSA, DHS, DOJ components, or any other federal agency.

2

**Electronic Surveillance and Digital Records**

4.      Any electronic records, database entries, analytical products, or intelligence reports referencing Mr. Guandolo's presence, movements, or activities on January 6, 2021.

5.      Any geolocation data, device identifiers, metadata, or analytical outputs derived from cellular, GPS, or other electronic sources referencing Mr. Guandolo.

**Communications and Phone Records**

6.      Any records reflecting analysis, collection, or review of telephone records, call-detail records, messaging records, or communication metadata associated with Mr. Guandolo, whether obtained directly or through third parties.

7.      Any internal FBI or interagency communications referencing such phone or communications data.

**Photographs, Video, and Visual Media**

8.      Any photographs, still images, video recordings, body-worn camera footage, CCTV footage, aerial surveillance footage, or other visual media depicting or alleged to depict Mr. Guandolo on January 6, 2021.

9.      Any screenshots, image stills, or derivative visual products extracted from video or photographic evidence.

10.     Any FBI image review logs, facial recognition queries, or visual identification analyses referencing Mr. Guandolo.

**Open-Source Intelligence (OSINT) and Media Exploitation**

11.     Any records reflecting the collection, review, cataloging, or analysis of open-source materials (including social media, online video platforms, or media reports) referencing Mr. Guandolo in connection with January 6, 2021.

12.     Any internal assessments or summaries evaluating such open-source materials.

3

**Case Files, Evidence Repositories, and Analytical Products**

13.    Any evidence inventories, indices, or references maintained in FBI evidence systems, investigative case files, or analytical repositories that reference Mr. Guandolo.

14.    Any intelligence assessments, situational reports, threat assessments, or briefing materials referencing Mr. Guandolo in connection with January 6, 2021.

**Interagency Coordination**

15.    Any records of coordination, information sharing, or referrals involving the FBI and other federal agencies (including but not limited to DOJ components, DHS, TSA, Capitol Police, or intelligence agencies) concerning Mr. Guandolo's activities on January 6, 2021.

**Derivative and Secondary Records**

16.    Any summaries, notes, analytical products, or derivative records created from or based upon any of the above materials.

The time frame of the request was identified as "January 1, 2021, to December 31, 2022."

6.    The FBI confirmed receipt of the request by email dated February 9, 2026.

7.    By letter dated February 20, 2026, the FBI acknowledged receipt of Plaintiff's request and assigned it FOIPA Request No. 1720644-000.

8.    Plaintiff has received no further communication from the FBI regarding this request.

9.    As of the date of this Complaint, Defendant has failed to: (i) determine whether to comply with Plaintiff's request; (ii) notify Plaintiff of any such determination or the reasons therefor; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the requested records or otherwise demonstrate the requested records are exempt from production.

4

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

10.    Plaintiff realleges paragraphs 1 through 9 as if fully stated herein.

11.    Defendant is in violation of FOIA.

12.    Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

12.    Plaintiff has no adequate remedy at law.

13.    To trigger FOIA's administrative exhaustion requirement, Defendant was required to make a final determination on Plaintiff's request by March 10, 2026, at the latest. Because Defendant failed to issue a final determination on Plaintiff's request within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct a search for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorney's fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  June 5, 2026                              Respectfully submitted,


                                                 */s/ James F. Peterson*
                                                 James F. Peterson
                                                 D.C. Bar No. 450171
                                                 JUDICIAL WATCH, INC.
                                                 425 Third Street SW, Suite 800
                                                 Washington, DC 20024
                                                 Tel:    (202) 646-5175
                                                 Email: jpeterson@judicialwatch.org

                                                 *Attorneys for Plaintiff*